UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ALFONSO SAMUEL JOHNSON, JR.**           **CIVIL ACTION NO.**

**VERSUS**

**20-173-BAJ-SDJ**

**OCHSNER MEDICAL CENTER**

### NOTICE AND ORDER

Before this Court is a Motion for Leave to Proceed *In Forma Pauperis* (R. Doc. 4) filed by *pro se* Plaintiff Alfonso Samuel Johnson, Jr. This suit, filed against Defendant Ochsner Medical Center, involves claims for, *inter alia*, medical malpractice for treatment received between February 26, 2019, and March 2, 2019.[1] Plaintiff initially filed his Complaint in the Eastern District of Louisiana, which subsequently transferred the matter to this Court based on venue.[2] However, it is unclear from Plaintiff's Complaint whether this Court has jurisdiction over this matter and whether this matter is ripe for adjudication. As explained below, this Court, therefore, will grant Plaintiff *in forma pauperis* status and instructs him to supplement his Complaint with certain specified additional information.

**Subject Matter Jurisdiction of the Court**

As federal courts are courts of limited jurisdiction, federal subject matter jurisdiction can only be established through diversity jurisdiction or federal question jurisdiction.[3] *Thompson v. Cenac Towing Co., LLC*, No. 09-1002, 2010 WL 2134158, at *2 (M.D. La. Apr. 7, 2010); *see* 28 U.S.C. §§ 1331 and 1332. "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Id.* (quoting *In re Hot-Hed, Inc.*, 477 F.3d

---

[1] R. Doc. 3-1 at 4.
[2] R. Docs. 1, 5.
[3] *See McDonal v. Abbott Labs.*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

320 (5th Cir. 2007)). In his Complaint, Plaintiff brings claims for "medical malpractice, medical negligence, loss of wages, loss of residence, pain and suffering, [and] mental anguish,"[4] which, as state law claims, are unable to confer federal question jurisdiction on this Court. However, Plaintiff's Civil Cover Sheet indicates the basis of jurisdiction for this matter is federal question jurisdiction and that this case concerns prisoner civil rights.[5] This assertion, though, is tempered by Plaintiff's claim that his suit "has nothing to do with the jail."[6] Thus, the Court lacks sufficient information to determine whether it has federal question jurisdiction over this case.

The second type of federal subject matter jurisdiction is diversity jurisdiction, in which district courts have "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("Consistent with general principles for determining federal jurisdiction, diversity of citizenship must exist at the time the action is commenced."). Here, Plaintiff makes a demand in his Complaint for $8.2 Million, thereby meeting the amount in controversy requirement. Plaintiff, however, makes no allegations regarding either his citizenship or the citizenship of Defendant Ochsner Medical Center.

While it appears from the Complaint that, at the time this litigation was filed, Plaintiff was imprisoned in the Jefferson County Detention Center, located in Golden, Colorado, there is no information therein regarding his domicile. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."); *Computer People, Inc. v. Computer Dimensions Int'l, Inc.*, 638 F.Supp. 1293, 1295

---

[4] R. Doc. 3 at 1.
[5] R. Doc. 3-2.
[6] R. Doc. 3-1 at 3.

(M.D. La. 1986) ("Domicile depends on the concurrence of two factors: residence and the intent to reside indefinitely in a particular place," and factors to be considered in determining domicile include where an individual votes; the manner in which an individual lives combined with his station in life; whether his family and dependents have moved to a new residence; whether his belongings have been moved to a new residence; his relationships with churches, clubs, and investments in the new residence; whether a place of abode is retained in his old state of residence; whether he is still invested in property or enterprises in his former residence; whether he retains affiliations with his former community; and the domicile claimed for tax purposes.).

Similarly, the citizenship of Defendant also is not provided. Rather, only an address for Defendant is given.[7] This is not sufficient, as the information needed to determine the citizenship of a business entity depends on the type of entity it is. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *Delavallade v. Leisure & Gaming Corp., USA*, No. 17-634, 2018 WL 2054588, at *4 n.7 (M.D. La. Apr. 17, 2018) ("The citizenship of a corporation is determined by its state of incorporation and principal place of business."). Given this lack of information, the Court cannot determine whether the Parties are diverse from one another and, necessarily, whether it has diversity jurisdiction over this matter.

**Medical Malpractice Claim**

In his Complaint, Plaintiff states that he is bringing a claim for medical malpractice against Defendant.[8] In Louisiana, "[b]efore a medical malpractice suit can be filed, the claimant must file a complaint seeking review of the complaint by a medical review panel." *Milbert v. Answering Bureau, Inc.*, 2013-0022 (La. 6/28/13), 120 So.3d 678, 684 (citing La. R.S.

---

[7] *Id.* at 1.
[8] R. Doc. 3 at 1.

40:1299.47(B)(1)(a)(i)). Here, Plaintiff nowhere alleges that he sought review by a Medical Review Panel of his claims against Defendant prior to filing the instant litigation, and nothing in Plaintiff's Complaint indicates that such a review was either completed or requested. The Court, therefore, does not know whether Plaintiff has complied with the provisions of the Medical Malpractice Act, La. R.S. 40:1299.41 *et seq.*, such that this suit is ripe for adjudication.

**Supplemental Briefing by Plaintiff**

Given the outlined deficiencies with Plaintiff's Complaint, Plaintiff is hereby instructed to file an amended Complaint that not only includes all alleged claims against Defendant, but also includes the missing information specified above. To be clear, Plaintiff's amended Complaint must include:

(1) The specific federal law claim or claims, if any, being alleged;

(2) The citizenship of Plaintiff, specifying his domicile as determined by applying the factors from the *Computer People* case, set forth above;

(3) The citizenship of Defendant, including the type of business entity it is and the information required to determine the citizenship of that type of entity, as specified above; and

(4) Whether Plaintiff filed a claim with the Louisiana Patient's Compensation Fund or otherwise made a complaint to or request for review by a Medical Review Panel.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* (R. Doc. 4), filed by *pro se* Plaintiff Alfonso Samuel Johnson, Jr., is **GRANTED**. Plaintiff may proceed without prepayment of costs.

**IT IS FURTHER ORDERED** that, **on or before Friday, March 24, 2023,** Plaintiff shall file an amended Complaint that not only is comprehensive (meaning it includes all of Plaintiff's allegations and claims against Defendant as supplemented or amended) but also provides the four (4) specific types of information listed above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STAY AND ADMINISTRATIVELY CLOSE** this case for a period of **90 days**, to allow Plaintiff time to file his amended Complaint, as ordered herein, and for the Court to review same and make a determination of how this case should proceed.

Signed in Baton Rouge, Louisiana, on January 19, 2023.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**